In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3527

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VICTOR G. BANKS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-CR-244 — **Rudolph T. Randa**, *Judge.*

ARGUED MAY 28, 2014 — DECIDED AUGUST 20, 2014

Before RIPPLE, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Victor Banks played a small role in the sale of two guns to undercover federal agents and pled guilty to possessing a firearm as a convicted felon. He appeals his sentence of three years in prison and three years of supervised release. Banks argues that the district court failed to calculate the applicable Sentencing Guidelines range, did not address his main mitigation argument, and

imposed a substantively unreasonable sentence. We find no error and thus affirm.

In July 2012, Banks took part in the sale of two guns to a federal agent who was posing as an employee of a store in Milwaukee that was in fact an undercover operation run by the Bureau of Alcohol, Tobacco, Firearms, and Explosives. On the way into the store, Banks's associate James Warren asked him to hold a revolver. Banks put it in his waistband. Once inside, Warren negotiated the sale of the guns for $1,000. He took back the revolver from Banks and handed it to the buyer.

Banks and Warren then offered to sell the agent some crack cocaine. The agent said he had money only for the guns but that he would gladly purchase the crack the next day. Banks and Warren duly returned a day later and sold the agent one ounce of what turned out to be fake crack cocaine. (Banks was not charged for this sale, but it played a role in his sentencing, as explained below.) Based on his brief custody of the revolver in his waistband before the sale, Banks was charged with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pled guilty and now appeals his sentence. We discuss Banks's three arguments in turn.

1. Banks first claims that the district court committed a reversible error by failing to calculate his Sentencing Guidelines range. He bases this argument on two facts. One is that his initial presentence report said that his guideline range was 41 to 51 months when in fact it was 30 to 37 months. The report correctly calculated that Banks had an offense level of 17 and a criminal history category of III. (Unlawfully possessing a firearm after an earlier felony drug conviction gave

Banks a base offense level of 20, U.S.S.G. § 2K2.1(a)(4)(A), which was reduced three levels for acceptance of responsibility under § 3E1.1(b).) But for unknown reasons the initial report misstated the resulting guideline range. The second fact on which Banks relies is that the district judge never explicitly stated the correct range at sentencing.

The Supreme Court has made clear that a district court must begin sentencing by calculating the applicable guideline range. See *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013), citing *Gall v. United States*, 552 U.S. 38, 49 (2007); see also *United States v. Garcia*, 754 F.3d 460, 483 (7th Cir. 2014). Failure to do so is a significant procedural error. *Peugh*, 133 S. Ct. at 2080.

In this case, however, it is abundantly clear that the district judge did calculate the correct range. Although the probation officer initially submitted a presentence report stating the wrong range, she filed a correction with the court and the parties several days before sentencing. The addendum called attention to the error and explained that the correct range was 30 to 37 months. The recalculated range was not in dispute, and neither party objected to any facts in the corrected report. In case any confusion remained, defense counsel again pointed out the mistake at the sentencing hearing and stated the correct range. Both the prosecutor and the judge made reference to the actual sentence of 36 months as being within the guideline range. Those statements were obviously inconsistent with any belief that the range was 41 to 51 months. Finally, the district judge recorded the correct guideline range in the court's written statement of reasons filed the day of sentencing. The judge's failure to state the guideline range affirmatively at sentencing was not reversi-

ble error where there could be no mistake that the judge and all parties were well aware of the proper range.

2. Banks argues next that the district judge failed to consider his main mitigation argument under 18 U.S.C. § 3553(a)(1): that the guideline range did not adequately account for his limited role in the offense. In support of this argument, Banks's sentencing memorandum said that he did not arrange or profit from the sale of the guns. He possessed one gun for only the short time it was in his waistband. The gun did not belong to him, it was not loaded, and it may not even have worked. He contends that his violation of § 922(g) was essentially a technical one.

A sentencing judge is obliged to "address all of a defendant's principal arguments that are not so weak as to not merit discussion." *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009) (internal quotation marks omitted). A judge who fails to do so is likely to have erred. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). We have called this "[p]erhaps the most frequently argued issue on our docket in recent years." *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014) (collecting cases). It is not always clear which arguments are "principal" or which ones require comment, and there is no bright line showing when a judge has said enough.

Although the judge could have been clearer, the transcript of Banks's sentencing hearing shows that the judge considered his mitigation argument but found it was outweighed by the seriousness of the offense and Banks's criminal history. The district judge began his discussion of the factors under § 3553(a) by explaining that the Sentencing Guidelines must be fitted to each defendant's particular case.

Turning to "the nature of this offense first," the judge discussed the seriousness of gun crimes. Some of his comments were quite general and, standing alone, might not reflect the individualized assessment required at sentencing. See *United States v. Washington*, 739 F.3d 1080, 1081 (7th Cir. 2014) ("the court's reference to the seriousness of drug crimes in general did nothing to explain" reasons for particular defendant's sentence).

Other statements showed, though, that the judge was focused on Banks's role in this particular gun sale. The judge noted that although selling guns to undercover agents did not result in putting weapons on the streets where they could enable violence, that was the exact danger the sting operation was meant to address. The judge also took into account the dangerous combination of guns and drugs in Banks's business dealings.

Although there is no bright-line rule for when a sentencing judge has sufficiently addressed a defendant's mitigation argument, see *Castaldi*, 743 F.3d at 595, the judge's explanation was clear enough in this case. The judge listened to Banks's attorney reiterate his client's limited role in the gun transaction and was well aware of these particulars even if he did not repeat them himself. Nevertheless, the judge clearly felt that even brief possession of a gun by a felon can be a serious offense when done in furtherance of drug- and gun-dealing. The judge explained his reasoning in terms of Banks's particular criminal conduct and his criminal history, which included state court convictions for possessing and selling drugs, as well as for felony firearm possession. The judge did not abuse his discretion in concluding that the details of Banks's crime—along with the additional need for

deterrence suggested by Banks's recidivism—actually weighed against him in this case.

3. Finally, Banks challenges his sentence as substantively unreasonable. He faces an uphill climb on this point, as the "substantive reasonableness of a sentence is reviewed for an abuse of discretion and a correctly calculated, within-Guidelines sentence is entitled to a presumption of reasonableness." *United States v. Pulley*, 601 F.3d 660, 664 (7th Cir. 2010). Appellate decisions finding a within-guideline sentence unreasonable are exceedingly rare.

Banks's objection is based on the district judge's comments about Banks's drug use and about the relatively light sentences he received in state court for earlier crimes. The judge made clear his disapproval of Banks's daily marijuana use and speculated that the only way Banks could have supported his habit without a job was through criminal activity. He also said four times during the relatively short hearing that he thought Banks had "caught a break" in state court by being charged with lesser crimes than his conduct could have supported. Banks concludes from these comments that his sentence was based not on the factors in 18 U.S.C. § 3553(a) but by a desire to make up for past sentences the district court judge disagreed with.

Although perhaps ill-advised and certainly not necessary, the judge's speculation falls short of providing a basis for believing that the guideline sentence he imposed was substantively unreasonable. Viewed in context, the comments were a response to defense counsel's arguments that the judge should impose a sentence below the guideline range. The judge explained that Banks's marijuana use and continued involvement with guns and drugs were part of a troubling

pattern of poor choices in his life and peer group. The judge explicitly noted that he could not and was not imposing a sentence to make up for the light sentences Banks received in state court. But he believed Banks's record did not fully reflect his past relevant conduct. That conclusion and the sentence based on it did not amount to an abuse of discretion.

Accordingly, the judgment is AFFIRMED.