> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015
Decided February 26, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-2318 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 1:13-cr-00174-01-TWP-MJD |
| MICHAEL A. HIERS, *Defendant-Appellant*. | Tanya Walton Pratt, *Judge*. |

## O R D E R

Authorities viewed recent photographs of felon Michael Hiers—posted on the Facebook page and website of a known white supremacist—holding a handgun and machete while dressed in Ku Klux Klan attire and standing before a Confederate flag. After a search warrant was secured for Hiers's home in Kokomo, Indiana, federal agents recovered a loaded handgun with an obliterated serial number.

Hiers pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g). The district court calculated a total offense level of 25 and criminal-history category of IV, yielding a guidelines imprisonment range of 84 to 105 months. Hiers urged the court to dispense with imprisonment and sentence him to intermittent confinement, a halfway

house, or home detention, but the court decided that 84 months in prison was the appropriate sentence.

Hiers filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Hiers opposes that motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses points that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our discussion to the issues identified in that brief and in Hiers's opposition. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Hiers would like his guilty plea set aside. In his Rule 51(b) response, Hiers does not identify a specific reason, and counsel has spotted only one minor fault made during the plea colloquy: The district court did not inform Hiers about the possibility that his gun would be forfeited. *See* FED. R. CRIM. P. 11(b)(1)(J). Counsel correctly concludes, however, that challenging the plea colloquy based on that one omission would be frivolous because it did not affect Hiers's substantial rights. *See* FED. R. CRIM. P. 11(h). Hiers knew that he faced the possibility of forfeiture because the indictment notified him of the government's intent to seek forfeiture of the firearm seized during the search of his home, as required by 18 U.S.C. § 924(d)(1). Moreover, the plea colloquy was otherwise thorough, assuring us that Hiers's plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349–50 (7th Cir. 2012); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The district court explained the elements of the charge, the statutory maximum penalty that Hiers faced (10 years, *see* 18 U.S.C. § 924(a)(2)), the role of the sentencing guidelines and the judge's discretion in applying them, and the trial rights Hiers was waiving by entering his guilty plea, *see* FED. R. CRIM. P. 11(b)(1). The court also ensured that Hiers's guilty plea was made voluntarily and supported by an adequate factual basis. *See* FED. R. CRIM. P. 11(b)(2), (3).

Counsel next considers whether Hiers could argue that his 84-month prison sentence is substantively unreasonable. That term—at the low end of the properly calculated guidelines range—is presumed reasonable on appeal. *See United States v. Rita*, 551 U.S. 338, 347 (2007); *United States v. Banks*, 764 F.3d 686, 690 (7th Cir. 2014); *United States v. Boroczk*, 705 F.3d 616, 623 (7th Cir. 2013). Neither counsel nor Hiers has identified a persuasive reason to disturb that presumption. Hiers contends that the presumption is rebutted because, in his view, the district court did not give enough weight to his explanation that the handgun was needed for protection or his assertion

that he reformed after his last felony conviction 18 years earlier. But the district judge was not required to accept these arguments in mitigation, *see United States v. Lucas*, 670 F.3d 784, 793 (7th Cir. 2012), and she adequately explained why she rejected them: Hiers's assertions are belied by the photos depicting him standing before a Confederate flag in white supremacist garb with a gun and machete, images far afield from those of someone forced to arm himself to protect his family.

Counsel next considers whether Hiers could challenge a special condition of supervised release that would have required him to submit to unlimited searches by his probation officer. Counsel explains, however, that this potential argument has become moot, and thus frivolous, because of recent events. After entry of judgment, the parties concluded that this condition was overly broad and jointly moved the district court to narrow this special condition by limiting the probation officer's search authority to situations where there is reasonable suspicion that Hiers violated a condition of supervised release or engaged in unlawful conduct. The court granted that motion and amended the judgment in December 2014, mooting an appellate claim based on the original condition. *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013).

Lastly, Hiers proposes to argue that the district judge, who is African American, should have recused herself under 28 U.S.C. § 144 because, he says, the judge could not have been impartial in sentencing a white supremacist. But Hiers did not raise this issue in the district court, and it would be frivolous to argue that it was plain error for the district judge to remain on the case. *See United States v. O'Malley*, 739 F.3d 1001, 1008 (7th Cir. 2014). Indeed, nothing in the record reflects any personal animus or malice to rebut the presumption that "judges rise above any potential biasing influences." *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001); *see Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.