In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1992

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSE O. CRUZ,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 13 CR 50007-2 — **Frederick J. Kapala**, *Judge.*

ARGUED APRIL 28, 2015 — DECIDED JUNE 1, 2015

Before FLAUM, KANNE, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Jose Cruz pleaded guilty to distributing
heroin, 21 U.S.C. § 841(a)(1), and was sentenced within the
guidelines range to 160 months' imprisonment. Cruz now
argues that the sentencing court committed a procedural er-
ror when it failed to consider his mitigating arguments
about the nature and circumstances of his offense, his coop-
eration with the police, and his family background, but Cruz
waived these complaints. He also believes that his sentence

is substantively unreasonable. But the district court considered and rejected Cruz's contentions, and the resulting prison sentence is therefore presumed reasonable. Cruz has not rebutted this presumption, so we affirm.

In October 2011 Cruz, shortly after completing a prison sentence for selling cocaine, began helping his uncle sell heroin. Once a week the uncle delivered heroin to Cruz, who then helped package it to sell. Initially, Cruz provided protection for two dealers, but he eventually began selling the heroin himself as part of a three-member sales team. For every $1,000 worth of heroin Cruz sold he kept $200 to $300 for himself. Between October 2011 and January 2012 the uncle provided around 960 grams of heroin to Cruz and the two other dealers to sell. As part of a plea agreement, Cruz pleaded guilty to one count of distributing heroin.

A probation officer recommended a guidelines range of 151 to 188 months' imprisonment. In the presentence report ("PSR"), the probation officer noted that Cruz had a difficult childhood; his father was absent and many of his cousins and uncles were gang members who sold drugs. The probation officer reported that prior to his incarceration Cruz cared for his grandmother, who has HIV, lung cancer, and bladder issues. Cruz also has three children that do not reside with him, but the PSR did not reveal anything further about his relationship with them.

In his sentencing memorandum and at the sentencing hearing, defense counsel asked the court to impose a below-guidelines sentence because of Cruz's immediate cooperation with the police after his arrest. Cruz, he said, consented to searches, directed police to active drug-dealing locations, and provided a statement about his criminal activities, as

well as those of his uncle and cousin. Initially, Cruz even agreed to testify against his uncle, but reneged after his family was threatened. He argued that Cruz was a low-level dealer, his offense was non-violent, and he accepted full responsibility. Further, he added that Cruz is the father of three children and caretaker for his grandmother.

The district court adopted the probation officer's proposed findings and calculations. The judge found that Cruz's cooperation merited some consideration, but did not warrant a below-guidelines sentence because Cruz never followed through on his promise to testify against his uncle. The court also considered Cruz's difficult upbringing, but noted that a difficult childhood was not an excuse for committing crimes as an adult. The judge then rejected as grounds for mitigation Cruz's three children and his ill grandmother because his absence would not cause "any out of the ordinary hardship." The judge explained that the 160-month, within-guidelines sentence was necessary to deter Cruz from future criminal activity, emphasizing Cruz's continued criminal behavior despite the numerous opportunities he had to learn from his past mistakes. The judge also found damning that Cruz committed the current offense just six months after being released from prison for another drug crime.

On appeal Cruz contends that the sentencing court procedurally erred by failing to consider the nature and circumstances of his offense. Cruz also asserts that the court did not address his arguments that he was a low-level distributor in the overall drug-conspiracy run by his uncle and cousin, he sold heroin for a short time, he was paid only a small portion of the sale price, and he cooperated with the government.

But these arguments were waived when, at the end of the sentencing hearing, the judge asked if he had addressed all of the arguments, and Cruz's lawyer answered yes. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014) (mitigation argument waived if not raised in response to court's question); *Garcia-Segura*, 717 F.3d at 569 (same). Moreover, the court in fact addressed Cruz's argument that he cooperated with the government, but found it only slightly mitigating because Cruz stopped short of testifying against his uncle.

Cruz also argues that his sentence is substantively unreasonable because the court failed to grant him a "downward variance" for his cooperation, his family's business of drug sales and his absent father, and the nature and circumstances of his offense; namely, that he was recruited into the drug business by his uncle and cousin who "used him to carry out their criminal activities," and he was "a small part of the alleged conspiracy." Finally, he complains about the sentencing disparity resulting from the government's dismissal of the charges against his uncle and the fact that the other two dealers were never charged.

But downward variances or departures are obsolete after *United States v. Booker*, 543 U.S. 220, 233–34, 245 (2005); courts now use the factors in 18 U.S.C. § 3553(a) to determine the appropriate sentence. *See United States v. Brown*, 732 F.3d 781, 786 (7th Cir. 2013); *United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012). A within-guidelines sentence is presumptively reasonable and Cruz does not show that the judge's reasoning is inconsistent with the § 3553(a) factors or otherwise rebut that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Banks*, 764 F.3d 686, 690 (7th Cir.

2014); *United States v. Williams*, 436 F.3d 767, 768–69 (7th Cir. 2006).   The court weighed the potentially mitigating family circumstances—his children and ill grandmother—and his partial cooperation against his criminal history, and ultimately decided that a within-guidelines sentence was warranted given Cruz's many prior opportunities to learn from his mistakes.

                                                              AFFIRMED.