NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015
Decided October 22, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1897

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CR-30168-NJR-1 |
| MONTE D. PERRY, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

Monte Perry, a felon, sold an unregistered sawed-off shotgun to an informant. Perry pleaded guilty to transferring a firearm in violation of the National Firearms Act, 26 U.S.C. § 5861(e), and possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1). He was sentenced to a total of 33 months' imprisonment, the bottom of the guidelines range, and 2 years' supervised release. Perry has filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We invited Perry to comment on counsel's motion, but he has not done so. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we

focus our review on the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his *Anders* brief, counsel represents that Perry has no interest in challenging his guilty pleas, and thus the lawyer appropriately refrains from discussing the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel also advises that he reviewed the district court's application of the sentencing guidelines but did not identify a potential claim of error.

Counsel considers whether Perry could argue that the district court failed to adequately address his arguments in mitigation, including that he had pledged to care for his two children and to take advantage of his educational achievements in the field of welding. Counsel correctly points out that any possible claim along these lines has been waived because trial counsel, when asked by the judge if any sentencing argument remained unaddressed, said no. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014).

Counsel next considers whether Perry could challenge his prison term as unreasonable, but properly concludes that such a challenge would be frivolous. Perry's 33-month sentence is within the guidelines range of 33 to 41 months and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014). Counsel has not identified anything in the record rebutting that presumption, nor can we. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), including the serious nature of the § 5861(e) violation, which the court concluded was not, as Perry said, a crime of opportunity. The court balanced Perry's history of criminal conduct and drug abuse against his recent efforts to obtain a welding degree and care for his children. Moreover, the court considered the need for incapacitation and specific deterrence for Perry and general deterrence for the public, as well as the need to minimize sentencing disparities among similarly situated defendants.

Finally, counsel considers whether Perry could challenge the judge's imposition of a special condition of supervised release that authorizes Perry's probation officer to search, "at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release," Perry's person, residence, real property, place of business, vehicle, and any other property under his control. The probation officer had proposed this condition in the presentence

report, and counsel objected that the language is too broad as applied to Perry. If the search condition was meant to address his criminal history, Perry argued at sentencing, it was unnecessary because all of his prior criminal conduct had occurred more than seven years earlier while he was a teenager, and none of the previous offenses were committed after the birth of his first child in 2008. The district court overruled Perry's objection citing the seriousness of Perry's offense (the illegal sale of a sawed-off shotgun), Perry's history of drug offenses, and the case agent's testimony that Perry had told the informant about a previous gun sale and his desire to obtain more guns. Because the judge made adequate findings based on Perry's offenses and his personal history and characteristics to support imposition of the condition, we agree with counsel that any argument related to the imposition of the condition would be frivolous. *See United States v. Kappes*, 782 F.3d 828, 847, 860–61 (7th Cir. 2015).

Counsel does not mention three other conditions of supervised release that we have previously criticized. First, we have said that language requiring Perry to notify his probation officer of any "change . . . in employment" leaves unclear whether this condition applies only to "changing employers or also includes changing from one position to another for the same employer at the same workplace." *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015); *accord Kappes*, 782 F.3d at 849. Second, the condition prohibiting Perry from leaving the judicial district without permission "improperly imposes strict liability" because it lacks a scienter requirement. *Kappes*, 782 F.3d at 849–50. And, third, the district judge orally pronounced a condition requiring that Perry participate in drug and alcohol treatment but then added to the written judgment a further directive that Perry abstain "from all alcoholic beverages and any other substances for the purpose of intoxication." *See United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014) (explaining that oral pronouncement of sentence controls over conflicting written judgment). The total ban on alcohol use is not explained in the presentence report or by anything the court said at sentencing. *See Kappes*, 782 F.3d at 852 (vacating complete ban on alcohol because sentencing court had failed to explain how defendant's use 3 or 4 times per week but not to point of intoxication was connected to offense or personal history); *United States v. Baker*, 755 F.3d 515, 524 (7th Cir. 2014) (vacating complete ban on alcohol despite defendant's consumption of six-pack or more of beer twice weekly because there was no evidence of dependency or that alcohol use had contributed to defendant's repeated criminal conduct). That being said, we have no reason to believe that Perry wishes to challenge these conditions, as counsel has not identified them as potential issues and Perry has not responded to the *Anders* brief. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). Moreover, even if Perry

perceives these conditions to be problematic after he begins serving the term of supervised release, he would be free to seek modification under 18 U.S.C. § 3583(e)(2).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.