NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2015
Decided December 22, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-2108 | Appeal from the United States District Court |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:13CR84-001 |
| DANIEL T. ECKSTROM, *Defendant-Appellant*. | Philip P. Simon, *Chief Judge*. |

**O R D E R**

Daniel Eckstrom was sentenced to 240 years in prison after he sexually abused his daughter from the time she was eight until she was twelve, produced thousands of photos and hundreds of videos of his conduct, and distributed the images to others on the internet. He also produced child pornography involving two other children. He pleaded guilty to seven counts of producing child pornography, *see* 18 U.S.C. § 2251(a); one count of distribution, *see id.* § 2252(a)(2); and one count of possession, *see id.* § 2252(a)(4). Eckstrom challenges his sentence, arguing that the district court failed to consider mitigating factors under 18 U.S.C. § 3553(a). Eckstrom's argument is without merit, so we affirm the judgment of the district court.

Eckstrom sexually abused his daughter, Jane Doe 1, for five years, from 2009 through 2013. He forced her to have vaginal, oral, and anal sex; penetrated her vagina and anus with crayons, sex toys, and other objects; ejaculated on her; and caused her to expose her genitalia and to masturbate. He took photos and videos of the things he forced his daughter to do. Eckstrom admitted that he used home-grown marijuana to "lure" his daughter into engaging in sexual conduct with him and described his relationship with her as a "boyfriend/girlfriend relationship."

Eckstrom also took sexually explicit photos and videos of two other children, Jane Doe 2 (who was seven when he was arrested in May 2013) and Jane Doe 3 (who was ten). The images of Jane Doe 2 include pictures with her genitalia exposed, pictures of Eckstrom performing oral sex on her, pictures of Eckstrom putting his penis on her mouth, and pictures of Eckstrom's penis in her hand. In one video Eckstrom is seen with his hand on Jane Doe 2's vagina while encouraging his daughter to touch Jane Doe 2. Eckstrom also penetrated her vagina with his fingers on another occasion. Images of Jane Doe 3 include her sleeping while he exposes his penis in the foreground, hidden camera footage of her while she is naked in the bath, and an image of her with her legs spread and underwear exposed in a sexually suggestive manner.

The investigators found on Eckstrom's computer approximately 6,210 photographs and 472 videos of the three victims—the substantial majority of which are of Eckstrom's daughter. They also found 80,000 other images and over 600 videos of suspected child pornography. These include images of children being subjected to bondage, torture, and bestiality.

After being taken into custody following a search of his house, Eckstrom confessed to abusing his daughter and producing child pornography. He initially denied exploiting other children, but then confessed to exploiting Jane Doe 2 and Jane Doe 3.

Eckstrom was charged with nine counts of producing, distributing, and possessing child pornography. The first five counts concerned Eckstrom's sexual exploitation of his daughter in producing child pornography—one for each year (2009 through 2013) in which Eckstrom did so. *See* § 2251(a). Counts six and seven concerned the production of child pornography related to Jane Doe 2 and Jane Doe 3. Counts eight and nine were for distributing child pornography, *see* § 2252(a)(2), and possessing child pornography, *see* § 2252(a)(4). Eckstrom pleaded guilty to all charges without benefit of a plea agreement.

In the Presentence Investigation Report, a probation officer applied the sentencing guidelines and recommended a life sentence. With several adjustments for specific offense characteristics under U.S.S.G. § 2G2.1; a five-level increase for multiple counts, *see* U.S.S.G. § 3D1.4; a five-level adjustment for a pattern of prohibited sexual conduct, *see id.* § 4B1.5(b); and a three-level decrease for acceptance of responsibility, *see id.* § 3E1.1(a)–(b), the total offense level amounted to 55. This was reduced to 43 because that is the highest offense level contemplated by the guidelines. *See id.* ch. 5, pt. A, cmt. n.2. At offense level 43, regardless of criminal history, the guidelines recommend a life sentence.

At sentencing Eckstrom objected to many of the upward adjustments as applied to specific counts, but the court rejected each of his objections and adopted the guidelines calculation in the PSR. As Eckstrom acknowledged, even if all his objections were sustained, his total offense level would have dropped only to 51, before the offense level was automatically reduced to 43. He does not press these objections on appeal.

Eckstrom also raised several arguments in mitigation based on the sentencing factors in § 3553(a). He argued that while his offenses were gravely serious, he had expressed remorse for his actions and cooperated with law enforcement (by providing the email addresses of others to whom he had distributed child pornography), that he "did not financially benefit from any of the exploitation," that "it is possible to imagine even worse scenarios … involving more victims," and that by pleading guilty he had avoided putting the victims through the trauma of a trial. He noted that when he was young, his father physically abused him and his siblings; and that he witnessed his father physically, emotionally, and sexually abuse his mother. If sentenced to less than a life sentence, he argued, he would be at a low risk of recidivism by the time he was released and the court could impose stringent conditions of supervised release to ensure that he did not recidivate. He argued that the guidelines for child pornography were overly harsh and did not reflect empirical data. Eckstrom also submitted a letter to the court expressing remorse for his actions, character letters from friends and clergy, and certificates showing that he was taking steps toward rehabilitation while in jail. Eckstrom also argued that a life sentence would violate the Eighth Amendment's prohibition on cruel and unusual punishment.

At sentencing the judge explained that he had reviewed all of the materials presented, including Eckstrom's submissions and a victim impact statement from Jane Doe 1, and concluded that this was "the single-most disturbing case that I've had in 12 or 13 years as a judge." The court found Jane Doe 1's statement "really distressing,"

noting that she said, "I see a lonely future" and "I don't think I'm going to make it very far," and that she recounted that her father "made promises and offered me gifts to get me to do what he said," threatened to harm her if she reported what he was doing, and threatened her with a "coat hanger" abortion if she became pregnant. The judge noted that he had reviewed some of the videos in the record, which "show[] her in anguish and repeatedly asking him to stop and that it was hurting her, but he didn't stop. He would continue on a routine basis." He also noted the large number of videos and images found on Eckstrom's computer and that Eckstrom's distribution of the child pornography he produced of his daughter meant that "10,000 separate depictions of [Jane Doe 1] have been found around the country."

The judge also considered and rejected Eckstrom's arguments in mitigation, acknowledging that Eckstrom had cooperated with authorities, admitted his crimes, and expressed remorse, but noted that with the abundance of evidence against him, "what choice did he have?" The judge "commend[ed] the defendant for his efforts [at rehabilitation] while he's been incarcerated," but explained that this did not outweigh his crimes. The judge acknowledged that the guidelines sometimes recommended overly harsh sentences in child pornography cases, but that "there is a decided difference … between somebody who possesses child pornography" and "somebody who is actually producing child pornography and then disseminating it." Finally, the judge acknowledged Eckstrom's "horrendous" upbringing.

The judge imposed a sentence of consecutive maximum terms of imprisonment on each count, totaling 2,880 months. He stated that he would have given Eckstrom the same sentence "regardless of how the guidelines were computed" and summarily rejected Eckstrom's Eighth Amendment argument.[1] Before concluding, the judge asked Eckstrom's lawyer if he had "addressed all of your principal arguments in mitigation," to which Eckstrom's counsel replied that he had.

On appeal Eckstrom argues that the judge failed to consider his minimal criminal history or his attempts at rehabilitation, and did not explain how the sentence would either "promote respect for the law" or deter him or others from future criminal activity. He says the judge did not explain why the sentence was "sufficient, but not greater than necessary." Finally, he argues that because his offense level is so high, he received no

---

[1] Eckstrom repeated this argument in his brief on appeal, but he abandoned it at oral argument, so we do not address it.

credit for his acceptance of responsibility, and that his guilty plea "spares the victims the possibility of testifying, and the prospect of reliving their abuse in the media."

The government correctly points out that Eckstrom has waived any argument that the district court procedurally erred by failing to consider specific arguments in mitigation under § 3553(a). At sentencing the judge asked Eckstrom's counsel if he had addressed all of his mitigation arguments, and his lawyer agreed that the court had. This waives any later contention that mitigation arguments were not addressed. *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013); *see also United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014).

Eckstrom's sentence is also presumptively reasonable. The guidelines recommended a life sentence, which means that "any prison sentence" is "presumptively reasonable on appeal." *See United States v. Tanner*, 628 F.3d 890, 908 (7th Cir. 2010). And the district court acted properly by stacking maximum consecutive sentences to impose a sentence within the guidelines range. *See* U.S.S.G. § 5G1.2(d); *United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008); *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003).

Nor does Eckstrom offer any basis for rebutting the presumption. It is true that "'death in prison is not to be ordered lightly,'" but "we have upheld such sentences on appeal where the sentencing court … concluded that other factors warranted the particular sentence." *United States v. Vallar*, 635 F.3d 271, 280 (7th Cir. 2011) (quoting *United States v. Wurzinger*, 467 F.3d 649, 652 (7th Cir. 2006)). The judge considered the seriousness of Eckstrom's offense, *see* § 3553(a)(2)(A), which he termed "the single-most disturbing case that I've had in 12 or 13 years as a judge." The judge listed the factors he must consider under § 3553(a) and addressed Eckstrom's principal arguments in mitigation—his remorse, his "horrendous" upbringing, his rehabilitation, the absence of any criminal history, the fact that there were not more victims—and rejected them. The judge noted Eckstrom's personal history and characteristics, but stated that these did not outweigh the crimes he had committed. *See* § 3553(a)(1). The judge did not expressly address how the sentence promoted respect for the law, provided just punishment, or afforded adequate deterrence, *see* § 3553(a)(2)(A), (B), but "[d]istrict judges need not belabor the obvious[,] … where anyone acquainted with the facts would have known without being told why the judge had not accepted [an] argument." *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010) (internal quotation marks and citation omitted).

AFFIRMED.