**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016
Decided July 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1080

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15-cr-00037-SEB-DML-1 |
| RAUL PALACIOS-DE PAZ, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Raul Palacios-De Paz, a Mexican citizen, pleaded guilty to being found in the United States without permission of the Attorney General after having been removed following conviction for commission of an aggravated felony. *See* 8 U.S.C. § 1326(a). The district court sentenced him to 46 months' imprisonment, the bottom of his calculated guidelines range, revoked his supervised release imposed for his aggravated felony, and tacked on 10 months' imprisonment to run concurrently with the 46-month sentence. Palacios-De Paz filed a notice of appeal from the new conviction, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Palacios-De Paz opposes counsel's motion.

*See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus the additional issues that Palacios-De Paz, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Palacios-De Paz does not wish to challenge his guilty plea, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel also advises that she reviewed the district court's application of the sentencing guidelines and cannot identify any potential claim of error.

Counsel considers whether Palacios-De Paz could argue that the district court failed to address adequately his mitigating circumstance that he had reentered the United States to reunite with his teenage daughter. But any possible claim along these lines has been waived because trial counsel, when asked by the judge if any sentencing argument remained unaddressed, said no. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014).

Counsel next considers whether Palacios-De Paz could challenge his prison term as unreasonable, but properly concludes that such a challenge would be frivolous. Palacio-De Paz's 46–month sentence is within the guidelines range of 46 to 57 months (based on a total offense level of 21 and criminal history category of V) and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014). Counsel has not identified anything in the record rebutting that presumption, nor can we. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), including the need to promote respect for the law given Palacio-De Paz's willful disregard of the federal statute barring his return to the United States. The court balanced Palacio-De Paz's history of criminal conduct and drug abuse against his recent efforts to be a presence in his daughter's life. Moreover, the court considered the need for incapacitation and specific deterrence for Palacios-De Paz who had reentered the United States illegally only eight months after having been removed.

In his Rule 51(b) response, Palacios-De Paz suggests that his trial counsel's performance has been deficient. Any claim of ineffective assistance, however, is best reserved for collateral review where a record can be developed. *See Massaro v.*

*United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Palacios-De Paz also asks that we appoint substitute counsel, but the point of *Anders* is that a defendant has no right to appointed counsel where an appeal is deemed frivolous. *See United States v. Eggen*, 984 F.2d 848, 850 (7th Cir. 1993).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Palacios-De Paz's motion for appointment of substitute counsel is DENIED.