**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 6, 2016
Decided August 16, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1145

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:15CR16-001 |
| ANTHONY SHOCKEY, *Defendant-Appellant.* | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

Anthony Shockey appeals his within-Guidelines, 40-month sentence for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). He had sought a sentence below the Guidelines because in his view alcoholism was the root cause of his lengthy criminal history and with treatment he would be unlikely to commit more crimes. The district court rejected this argument and instead sentenced him at the high end of the Guidelines range because there was no evidence that he would remain sober and his alcoholism made him more likely to reoffend. Shockey now contends, contrary to the evidence in the record, that the district court failed to address his argument regarding his alcoholism. We affirm.

Shockey sold a stolen rifle to a confidential informant while police officers watched and listened nearby. He pleaded guilty to one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1).

A probation officer calculated a Sentencing Guidelines range of 33 to 41 months' imprisonment based on an offense level of 13 and a criminal-history category of VI. Shockey's criminal history dated back to 1978 and included 28 separate convictions, 8 of which received criminal-history points. The convictions receiving points were for marijuana possession, attempted escape from prison, two instances of battery resulting in injury, and four alcohol-related driving offenses. Shockey did not object to these calculations.

The presentence report also recounted Shockey's history of alcohol abuse. Shockey, now 54, started drinking at age 14 to cope with depression and anxiety and by age 16 was using alcohol daily. He described himself as a "binge drinker," consuming 20 to 30 beers per night, multiple times each week. He reported becoming violent when he drank. He sought treatment for his substance abuse twice, first in 1987 and again in 2006, but he continued drinking until his arrest in this case in February 2015. He reported receiving mental-health treatment throughout his life, most recently in 2012 and 2013.

Shockey argued before the district court that his struggle with alcohol abuse warranted a lower sentence. He contended, first, that his criminal history was overstated because many of his crimes stemmed from his alcoholism (in the words of his lawyer, he "gets drunk and . . . does stupid things") rather than malice or a violent propensity. Second, he asserted that he was less likely to reoffend than in the past because he had started taking medication for the mental-health conditions underlying his alcohol abuse. Finally, he insisted that addiction is involuntary and that imprisonment would not deter alcohol abuse or "alcoholic crimes."

The district court acknowledged Shockey's alcoholism but rejected the argument that it should be treated as a mitigating factor. The court believed that "anger issues" also contributed to Shockey's criminal past. The court thought that Shockey's criminal history might even be understated given the number of convictions that received no points. Though the court agreed that Shockey would be less likely to reoffend if he could manage his addiction, the court doubted that his 29th criminal conviction was any more likely than the previous 28 to curb his alcoholism, given that he had received mental-health treatment only two years before committing this crime. The current crime, the court added, had nothing to do with alcohol. The court further noted that Shockey

committed this crime while he was serving home detention from a prior crime. Based on Shockey's "lengthy criminal record and lengthy history of substance abuse," the court found him "far more likely than the average offender to commit future crimes." A below-Guidelines sentence, the court concluded, was "too short to reflect [his] history and the risk that [he] pose[d] to others." Near the close of the hearing, the judge asked Shockey's counsel whether he had "touched on each of the points that [counsel] raised," and counsel replied, "yes."

On appeal Shockey first argues that the district court procedurally erred by not addressing his mitigating argument regarding alcoholism. He asserts that the court "engaged in no analysis" and "brushed off" the argument with one sentence about his criminal history. But a defendant waives any challenge to the court's consideration of mitigating arguments if defense counsel confirms when asked that he is satisfied with the court's explanation—as was the case here. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013). Shockey replies that there is no waiver because the court's question was "a far cry from asking whether the defense is satisfied that the court has actually addressed the main defense arguments." Although generic questions (e.g., "Anything else?") will not suffice for waiver, *see United States v. Speed*, 811 F.3d 854, 857–58 (7th Cir. 2016), challenges to a failure to address arguments in mitigation are waived as long as it is clear, as here, that defense counsel understood the court to be asking whether he was satisfied with its explanation, s*ee United States v. Rosales*, 813 F.3d 634, 638 (7th Cir. 2016); *United States v. Modjewski*, 783 F.3d 645, 654 (7th Cir. 2015) (argument waived where court stated: "[I]f you feel that there was something that I needed to address specifically, . . . I would be happy to do so.").

Even if the argument had not been waived, it is frivolous and misrepresents the record. The district court acknowledged and rejected Shockey's mitigating argument with a lengthy explanation that alcohol addiction increased the likelihood of reoffending and did not excuse his extensive criminal history. This explanation was more than enough to reflect that the court meaningfully considered his argument. *See United States v. Jones*, 798 F.3d 613, 618 (7th Cir. 2015); *United States v. Boatman*, 786 F.3d 590, 595–96 (7th Cir. 2015).

Shockey also argues that his sentence is substantively unreasonable because the court neither addressed his mitigating argument nor properly weighed the factors under 18 U.S.C. § 3553(a). But Shockey's within-Guidelines sentence is presumptively reasonable, and "[t]o sustain the presumption, a district court need provide only a

justification for its sentence adequate to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Horton*, 770 F.3d 582, 585 (7th Cir. 2014) (quoting *United States v. Pilon*, 734 F.3d 649, 656 (7th Cir. 2013)). Shockey has not rebutted this presumption. The district court addressed the § 3553(a) factors when it noted that a "circumstance" of the crime was that Shockey committed it while serving home detention for another crime and explained that Shockey's long history of crime and alcohol addiction made him more likely to reoffend and thus warranted a longer sentence to protect the public. *See United States v. Moreland*, 703 F.3d 976, 988–89 (7th Cir. 2012) (noting that "criminals addicted to drugs are at risk for recidivism induced by their need to feed their habit" and "anything that increases the risk of recidivism argues for a longer sentence"); *United States v. Ramirez-Gutierrez*, 503 F.3d 643, 646–47 (7th Cir. 2007).

AFFIRMED.