**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 24, 2017
Decided January 27, 2017

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 16-1738 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 14 CR 572 |
| JIMMY WRIGHT, *Defendant-Appellant.* | Amy J. St. Eve, *Judge.* |

**Order**

Jimmy Wright pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §922(g)(1), and to engaging in a firearms business by selling weapons (or serving as an intermediary) on multiple occasions. 18 U.S.C. §922(a)(1)(A). The district court sentenced him to 120 months' imprisonment, the low point of his Guidelines range (120 to 150 months). Wright contends on appeal that the sentence should have been lower still and that the district judge failed to discuss his arguments adequately.

Yet the judge asked Wright's lawyer if she had considered his arguments adequately, and counsel gave an unqualified "yes" answer. We have held that such an answer

waives any appellate contention that one or more arguments was addressed inadequately. See *United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013). There is a problem, however. The judge should ask this question at the very end of sentencing, to ensure that counsel has had an opportunity to consider everything the judge said. Here the judge asked it prematurely, before her on-the-record evaluation of the statutory sentencing factors (18 U.S.C. §3553(a)). It is conceivable that something said during the judge's final explanation may lead counsel to doubt that the court fully understood and addressed the defense's arguments. To be prudent, therefore, we will not treat counsel's statement as a waiver.

This does Wright no good, however, because the judge covered the essentials. Some of the defense arguments, such as "sentencing entrapment," are not recognized in this circuit—and at all events a judge need not rehash contentions rejected earlier. Wright had presented arguments about entrapment and lack of a connection to interstate commerce before pleading guilty, and the judge rejected them because they lacked evidentiary support. They had no greater support by the time of sentencing; discussion would have wasted everyone's time. Lack of evidentiary support for an argument means that discussion is unnecessary. *United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012).

Wright's lawyer also asked for a lower sentence on the ground that his client lacked prior firearms convictions (though he had plenty of other convictions). Why that would justify a lower sentence is a mystery, but at all events the district judge stated that she would consider the fact, which also bore on Wright's criminal history under the Guidelines (Sentencing Tr. 29). The judge also explained why she thought the informant's role in ordering guns from Wright did not imply sentencing manipulation: that if investigators had been trying to jack up the sentence, they would have had the informant buy two more guns, but they didn't (Sentencing Tr. 20). Defense counsel does not agree with that evaluation, but his agreement is not required. The statement shows that the judge understood and considered Wright's argument.

AFFIRMED